OSCAR KEMP, Appellee, v. CHAMBERS & MORGAN et al., Appellants.

TRIAL: Instructions—Failure to Except. Instructions which are not excepted to until *after* the expiration of five days from the filing of the verdict become the law of the case.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

APRIL 3, 1923.

IN the district court, this was an action for damages for breach of contract. The defendants named comprised 40 or 50 of the business firms of Cedar Rapids. It was averred that they had joined in an advertising enterprise with one George Young, and had authorized and permitted said Young to represent them and to publicly offer in their behalf a prize, to be competed for by the patrons of the various defendants. The published prize was an Overland Sedan automobile. Plaintiff was declared the winner of the chief prize. As the contest reached its crisis, when the outflow of prizes was due to begin, Young disappeared, and left the plaintiff holding an empty bag, and the defendants disclaiming all responsibility for or interest in him. At the close of the evidence, some of the defendants were dismissed on motion; whereas judgment went against the others, after a verdict by the jury. These defendants appeal.—*Affirmed.*

*H. K. Lockwood*, for appellants.

*Stewart, Penningroth & Holmes*, for appellee.

EVANS, J.—The one proposition argued here by appellant is that the scheme adopted was a mere lottery, and in violation of law. It was, in part, a guessing contest, whereby the person who made the best guess was awarded the prize, on condition that he should also furnish the best slogan for advertising Red Comb Pure Fruit Preserves. The subject-matter of the guessing was the number of grains of wheat contained in a specified glass jar. This jar was the standard jar in which the Red Comb Fruit Preserves were sold. All the diligent guesser had to do was to get one of these jars and fill it with grains of wheat, and then count the 10,000 grains which it contained. This is what the plaintiff did. Only actual patrons of the advertising firms were permitted to contest. Purchase of one dollar's worth of goods from any one of said firms entitled the purchaser to one guess. The plaintiff had and used 92 guesses. He claims thereby to have solved a problem for these business firms, and

that he is, therefore, entitled to the advertised prize. This is a mere outline of the scheme. It had many details and ramifications. The contention of the appellants in argument is that the scheme was essentially a lottery, and that many of its details were a mere blind and pretense, intended to conceal the essential character of it.

At the outset here, the appellee challenges the sufficiency of the record to entitle the appellants to a review on that question. This challenge is that the appellants took no exception to the instructions at the time they were given, and that they failed to file any exceptions thereafter, within the time provided by statute. Appellants have made no response to this challenge, and we have had to go to the record. We find that the verdict was rendered on October 24th, and that the exceptions of appellants were not filed until November 2d following. Under Chapter 24, Acts of the Thirty-seventh General Assembly, it is required that exceptions be filed within five days. At the time of the rendering of the verdict, the court allowed the appellants ten days, within which to file a motion for a new trial. No extension of time for filing exceptions was granted. The result is that the instructions given by the district court are before us, unchallenged by any proper exception. The only method of review on the lottery question open to the appellants was by appropriate exceptions to the instructions given. This cannot be had, for want of exception. The instructions have become the law of the case. Appellants did file a motion, at the close of the evidence, for a directed verdict. But the evidence was in conflict, and was especially conflicting in the varying inferences which might be drawn from some features thereof, and in the underlying motive and intent of the scheme, as bearing upon its lottery character. The district court, by its instructions, treated the scheme as wholly legitimate, and put upon plaintiff the burden of proof of the alleged facts. No question was submitted to the jury therein, whereby it could find that the scheme was, in spirit and intent, a lottery. The appellants presented no formulated instructions on the subject, and requested none. By their failure to file timely exceptions to the instructions as given, they are thereby precluded from any review of them.

Exceptions were saved to various rulings upon the evidence, and more particularly to the admission of documents put in evidence by the plaintiff. Assuming the instructions to be correct, as a matter of law, the evidence complained of was consistent with such instructions, and was admissible.

For the reason indicated, the judgment below must be affirmed, without our giving any consideration to the one question presented to our attention by appellant.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.